NO. 07-02-0342-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 14, 2003

_____

LUIS IGNACIO AGUIRRE, APPELLANT

V.

NORTHWEST TEXAS HEALTHCARE SYSTEM, INC. AND
UNIVERSAL HEALTH SERVICES, APPELLEES

_____

FROM THE 108th DISTRICT COURT OF POTTER COUNTY;

NO. 88,725; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION

Luis Ignacio Aguirre appeals from an order of dismissal in his suit against Northwest

Texas Healthcare Systems, Inc.  We dismiss for lack of jurisdiction.

In May, 2001, Luis Ignacio Aguirre sued Northwest Texas Healthcare Systems, Inc., and Universal Health Services. Northwest answered the suit on May 16, 2001. Universal filed a Special Appearance on December 12, 2001. In due course, Northwest filed a Motion to Dismiss, subsequently amended, by which it asserted Aguirre's alleged noncompliance with TEX. REV. CIV. STAT. ANN. art. 4590i (Vernon Supp. 2002). The trial court dismissed Aguirre's claim with prejudice by order signed on July 10, 2002. The order did not address Aguirre's claims against Universal. The order contained a Mother Hubbard clause that "All relief requested and not expressly granted herein is DENIED." Aguirre's claims against Northwest were not severed from his claims against Universal.

Aguirre appealed the dismissal. Northwest has moved to dismiss the appeal. Northwest asserts that the order of July 10, 2002, is interlocutory and not appealable.

To be a final judgment from which an appeal may be taken, the judgment must dispose of all parties and all issues in the case. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). Whether a judicial decree is a final judgment must be determined from its language and the record in the case. Id.at 195. The inclusion of a Mother Hubbard clause--the statement, "all relief not granted is denied," or essentially those words–is not conclusive indication that a judgment rendered without a conventional trial is final for purposes of appeal. Id. at 203-04. An order that disposes of claims against one of multiple defendants does not adjudicate claims by or against other defendants. Id. at 205. If the record reveals the existence of parties or claims not mentioned in the order, the order is not final. Id. at 206.

2

Aguirre's claims against Universal were not addressed by the July 10th order. According to the record before us, those claims continue. The order from which Aguirre appeals is not final for purposes of appeal. We do not have jurisdiction. Northwest's motion is granted and the appeal is dismissed. See TEX. R. APP. P. 42.3.

Per Curiam